Commonwealth ex rel. Swann, Appellant, *v.* Shovlin.

Submitted November 14, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Charles Swann,* appellant, in propria persona.

*Anthony J. Bonadio,* Assistant District Attorney, and *Richard E. McCormick,* District Attorney, for appellee.

OPINION BY WOODSIDE, J., December 12, 1962:

The petitioner in this habeas corpus case was convicted in 1949 of assault and battery with intent to kill. He had shot his victim six times. He was sentenced to the Western Penitentiary for a term of three to seven years. Upon petition of Warden Ashe, he was duly committed to Farview State Hospital in 1950, after being found psychotic with a definite tendency to kill.

In 1961 he filed a petition for a writ of habeas corpus in the Court of Common Pleas of Westmoreland

County. The court directed the county to pay a medical expert of petitioner's choice to examine him and testify at the hearing. As set forth by President Judge JOHN M. O'CONNELL for the court below, ". . . a hearing was held at which time it was found by this Court that the above named petitioner was suffering from dementia precox, paranoid type, and possessing latent criminal tendencies. These findings by the Court were substantiated by the testimony of Gerald Lesowitz, M.D., a psychiatrist and medical expert of the petitioner's own choice. These findings were also supported by the deposition of Dr. John P. Shovlin, Superintendent of Farview State Hospital, and the testimony of Dr. Willis, a staff member of the same institution."

Apparently a second petition for a writ of habeas corpus was filed by the appellant in 1962, between the time of the hearing on the 1961 petition and the filing of the testimony and order on the first petition. Both petitions were filed to the same term and number in the court below, and orders were entered dismissing both of them. We have examined the record, and we are satisfied that the court below gave the petitioner every opportunity to show that he should be discharged from the Farview hospital. The evidence, however, does not support the petitioner, but establishes that he is mentally ill with criminal tendencies. The court below properly dismissed the writs.

Orders affirmed.